```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ALISON KENT-FRIEDMAN,                :
                                     :   18 Civ. 4422 (VM)
                    Plaintiff,       :
                                     :
       - against -                   :   DECISION AND ORDER
                                     :
THE NEW YORK STATE                   :
INSURANCE FUND, et al.,              :
                                     :
                    Defendants.      :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Alison Kent-Friedman ("Kent-Friedman") is a fifty-six year old female attorney employed at the New York State Insurance Fund ("NYSIF"). Kent-Friedman is suing defendants NYSIF and NYSIF employees Peter Cusick, John Dormin, Eric Madoff, Joseph Mullen, William O'Brien (collectively, the "Individual Defendants," and together with NYSIF, "Defendants") under various federal, state, and local laws for alleged sex and gender discrimination. (See "Amended Complaint," Dkt. No. 41.) This suit follows an earlier Charge of Discrimination that Kent-Friedman filed with the Equal Employment Opportunity Commission ("EEOC") in March 2017. (See "EEOC Charge," Dkt. No. 50-2.) Before the Court are the parties' letters addressing Defendants' requests for a pre-motion conference regarding a contemplated motion to dismiss the Amended Complaint.

1

## I. BACKGROUND

In August 2018, Defendants initiated a letter-exchange with Kent-Friedman, arguing that Kent-Friedman's initial complaint had numerous deficiencies. (See Dkt. Nos. 37, 39, 40.) This exchange resulted in Kent-Friedman filing the Amended Complaint on September 27, 2018. (See Amended Complaint.)

By way of two letters both dated October 11, 2018, Defendants wrote to Kent-Friedman and the Court arguing that deficiencies remain in the Amended Complaint. (See Dkt. Nos. 45, 46.) Kent-Friedman responded to both letters on October 18, 2018. (See Dkt. No. 47.)

The Court held a telephone conference on October 26, 2018 to discuss the parties' letters. (See Docket Entry dated October 26, 2018.) At that conference, counsel for Kent-Friedman agreed to withdraw the state and local law claims against NYSIF, and later did so by stipulation dated November 5, 2018. (See Dkt. No. 51 (dismissing Counts Five, Six, Seven, and Eight of the Amended Complaint as against NYSIF).) Further, counsel for Kent-Friedman agreed to provide the Court with the EEOC Charge filed in March 2017. After receiving the EEOC Charge, the Court held another telephone

2

conference with the parties on November 13, 2018. (See Docket Entry dated November 15, 2018.)

The Court now construes Defendants' letters described above as motions to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motions are GRANTED in part and DENIED in part. In sum, although Defendants invoke numerous defenses that may yet be meritorious, it is premature for the Court to resolve the factual issues that those defenses raise. Thus, to the extent that the Court explicitly or implicitly rejects any of Defendants' arguments and defenses, Defendants remain free to re-assert them upon further factual development.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A court should not dismiss a complaint for failure to state a claim

3

if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006). The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

## III. DISCUSSION

Defendants argue that all eight counts of Kent-Friedman's Amended Complaint must be dismissed. First, Defendants argue that Kent-Friedman failed to state her discrimination claims under: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"); (2) the New York State Human Rights Law, New York Executive Law § 290 et seq. ("NYSHRL"); and (3) the New York City Human Rights Law and New York Administrative Code § 8-101 et seq. ("NYCHRL").

4

But Kent-Friedman faces a low hurdle for these claims:

> [T]he evidence necessary to satisfy th[e] initial burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is minimal. The fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of the Title VII analysis, including at the pleading stage.

Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks omitted). Specifically, Kent-Friedman sufficiently alleges that males were promoted or hired for positions for which she applied and was qualified to fill. Thus, the Court declines to dismiss Counts One, Six, and Seven.[1]

For similar reasons, the retaliation claims under these same laws proceed as well. Kent-Friedman alleges sufficient "diminished material responsibilities" following proximately upon her filing of the EEOC Charge that could possibly consist of an "adverse employment action" sufficient to state a retaliation claim. Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000). Thus, the Court declines to dismiss Counts Two and Eight.

---

[1] Although the Court recognizes it must "must analyze NYCHRL claims separately and independently from any federal and state law claims," NYCHRL imposes no greater hurdle than Title VII and NYSHRL at this stage. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013).

Kent-Friedman's claims under the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963, 29 U.S.C. § 206 et seq. ("Equal Pay Act") and New York Labor Law § 194 may also proceed. These claims present a closer call than the discrimination claims. Specifically, Defendants raise serious concerns about whether certain of the Individual Defendants qualify as "employers" under the statutes and thus may be subject to liability. However, given the significant factual overlap with the discrimination claims and the inherent factual inquiry regarding what qualities constitute an "employer," the Court is not inclined to dismiss these claims at this stage. Cf. Winfield v. Citibank, N.A., 842 F. Supp. 2d 560, 573 (S.D.N.Y. 2012)(declining to abstain over certain state law claims in part "because discovery will proceed in any event on [certain other] claims, which have significant factual overlap with" the state law claims). Thus, the Court declines to dismiss Counts Three and Five.

Finally, the Court is persuaded by Defendants' arguments that Kent-Friedman cannot pursue her Equal Pay Act retaliation claim under 29 U.S.C. § 215. "[A] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an

6

assertion of rights protected by the statute and a call for their protection." Kassman v. KPMG LLP, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (quoting Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011)). The Court has reviewed the EEOC Charge that would have triggered the alleged retaliation, and has considered the parties' arguments raised on the November 13, 2018 telephone conference. Although Kent-Friedman alleges "a number of complaints" in her EEOC Charge regarding her failure to receive certain promotions, "there is no indication that [she was] actually complaining of" conduct that plausibly rises to an Equal Pay Act violation. Id. at 473. Specifically, the Court finds no allegations expressly stating that NYSIF paid Kent-Friedman different wages on account of her sex, or that could be fairly read to raise a reasonable inference of such discrimination.  Thus, the Court dismisses Count Four.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motions so deemed by the Court as filed by defendants New York State Insurance Fund, Eric Madoff, William O'Brien, Peter Cusick, and John Dormin (collectively, "Defendants") to dismiss (Dkt. Nos. 45, 46) the Amended Complaint (Dkt. No. 41) are **GRANTED** as to Count Four, and **DENIED** as to Counts One, Two, Three, Five, Six, Seven, and Eight; and it is further

**ORDERED** that Defendants are directed to answer the Amended Complaint within twenty-one days from the entry of this Order.

**SO ORDERED.**

Dated: New York, New York
16 November 2018

Victor Marrero
U.S.D.J.

8