```
┌─────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #:_____               │
│ DATE FILED: 11/3/23                 │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALISON KENT-FRIEDMAN,

               Plaintiff,

- against -

NEW YORK STATE INSURANCE FUND, et al.,

               Defendants.

**18 Civ. 4422 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    This is an employment discrimination action filed by plaintiff Alison Kent-Friedman ("Kent-Friedman") against the New York State Insurance Fund ("NYSIF") and other individual defendants. (See Amended Complaint, Dkt. No. 41.) In a Decision and Order dated and filed September 27, 2023 (the "D&O"), the Court granted in part and denied in part NYSIF's and the individual defendants' motion for summary judgment. (See D&O, Dkt. No. 181.) Presently before the Court is NYSIF's motion, filed pursuant to Local Civil Rule 6.3 and dated October 11, 2023, for reconsideration or reargument of the D&O's partial denial of the motion for summary judgment. (See Dkt. Nos. 185-86.) Also before the Court is NYSIF's notice of supplemental authority dated October 24, 2023, in which NYSIF brings the Court's attention to the Second Circuit's recent decision in Eisenhauer v. Culinary Institute of America, --- F.4th ----, No. 21-2919 Civ., 2023 WL 6815280 (2d Cir. Oct.

1

17, 2023). (See Dkt. No. 187.) NYSIF argues that Eisenhauer provides further support for reconsideration or reargument of the D&O's partial denial of the summary judgment motion. (See id.) Kent-Friedman responded to these NYSIF submissions in filings of her own, dated October 25, 2023 (see Dkt. No. 190) and October 27, 2023 (see Dkt. No. 194). NYSIF filed reply papers on November 1, 2023. (See Dkt. Nos. 195-96.)

Reconsideration of a previous Court order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Just. V. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (quoting Montanile v. NBC, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)). "Accordingly, the standard of review appliable to such a motion is 'strict.'" Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might materially have influenced its earlier decision." Id. (citation and quotation marks omitted). A party seeking consideration cannot repeat "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." Id.

(quoting Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)).

Upon a careful review of the parties' submissions and the Court's D&O, the Court finds that NYSIF has not demonstrated that the Court overlooked controlling decisions or material facts that were before it on the original motion.* Moreover, nothing in Eisenhauer warrants reconsideration of the D&O. Accordingly, NYSIF's motion for reconsideration or reargument is hereby **DENIED**. The Clerk of Court is respectfully directed to terminate the motion pending at Docket No. 185.

**SO ORDERED.**

Dated:   3 November 2023
         New York, New York

_____
Victor Marrero
U.S.D.J.

---

* NYSIF's motion appears to be largely based on a misconception that the Court briefly clarifies here. As the Court stated in the D&O, the Court was fully aware that statements purportedly made by then-New York Inspector General Catherine Leahy Scott to Defendant Eric Madoff would be admissible at trial to show their effect on Madoff. (See D&O at 13 n.6 (stating that statements "would be admissible at trial to show their effect on Madoff"); see also id. at 67 (stating that remark "would not be admissible at trial *for its truth*" (emphasis added)).) On the understanding that this evidence would be admitted at trial for the stated purpose, the Court decided that a reasonable jury nevertheless could, viewing all of the evidence "as a whole rather than in a piecemeal fashion," see Walsh v. N.Y.C. Housing Authority, 828 F.3d 70, 76 (2d Cir. 2016), "infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination," see Aulicino v. N.Y.C. Department of Homeless Services, 580 F.3d 73, 80 (2d Cir. 2009) (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003)).